UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSALEE V. ZARROW,

Plaintiff,

-against-

CITI BANK,

Defendant.

1:25-CV-9900 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Rosalee V. Zarrow, of Ardmore, Pennsylvania, who appears *pro* se, brings this action seeking damages. Plaintiff sues Defendant "Citi Bank" ("Citibank"), of New York, New York, asserting claims of federal constitutional violations and of breach of contract arising from Citibank's alleged failure to protect Plaintiff's personal information because of a data breach that Citibank experienced while Plaintiff was banking with Citibank, apparently, in Pennsylvania. She also alleges that Citibank's abovementioned alleged failure to protect her personal information led to her being regarded as incurring debt that she did not actually incur, and caused collection agencies to attempt to collect that false debt from her. For the reasons set forth below, the Court transfers this action to the United States District Court for the Eastern District of Pennsylvania.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The Court understands that Citibank resides within this judicial district.[1] (ECF 1, at 2.) Thus, this court is a proper venue for this action under Section 1391(b)(1).

In addition, Plaintiff alleges that the events that are the bases for her claims occurred in Philadelphia, Pennsylvania. (*Id.* at 4.) Moreover, it would appear that the injuries that she has allegedly sustained have occurred where she resides, in Ardmore, Delaware County, Pennsylvania. (*See id.* at 2, 4-5.) Both Philadelphia and Delaware County are located within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Thus, the Unted States District Court for the Eastern District of Pennsylvania is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a district court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate for this action. Plaintiff resides, and the alleged events appear to have occurred, within the Eastern District of Pennsylvania, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. Thus, the United States District Court for the Eastern District of Pennsylvania appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 15, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
