**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROSALEE ZARROW,<br>    Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 26-CV-0546** |
| | : | |
| CITI BANK,<br>    Defendant. | : | |

**MEMORANDUM**

**MARSTON, J.**                                                    **APRIL 16, 2026**

Plaintiff Rosalee Zarrow brings this civil action against Defendant Citi Bank claiming violation of her constitutional rights and breach of contract in connection with a collections matter.  She seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

**I.        FACTUAL ALLEGATIONS**[1]

Zarrow's Complaint is sparse.  She asserts that:

> [u]nder color of law, Citi Bank, et al.[2], failed to protect [her] personal information, which caused [her] to be in debt that [she] did not incur, and had collection agencies calling to collect monies for the data breach that occurred under their false pretenses.

(Doc. No. 2 at 4.)  She further alleges that while she was a Citi client, she "had to pay astronomical monies to get out of debt, when in all actuality this Corporation/Entity . . . breached the contract by allowing a third party to obtain [her] personal information" without consent.  (*Id*.)

---

[1] The factual allegations are taken from the Complaint (Doc. No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.  Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

[2] Despite her use of the phrase "et al.," Zarrow does not identify any additional Defendants in the Complaint.

Zarrow alleges that her constitutional right to due process was violated as a result of this conduct, which caused her to suffer mental injury "by worrying/stressing about bills that did not occur" and "physical injury by working countless hours to pay off debt that [she] . . . didn't incur." (*Id.* at 3, 5.)  She seeks millions of dollars in damages.  (*Id.* at 5.)

## II.    LEGAL STANDARD

The Court will grant Zarrow leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").  As Zarrow is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## I.    DISCUSSION

The Court first considers whether Zarrow has shown the Court has subject matter jurisdiction over this action.  We begin with Zarrow's purported federal claims before turning to her state claim for breach of contract.

### A.      Federal Claims

Zarrow attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and asserting due process claims under 42 U.S.C. § 1983.  However, "wholly insubstantial" claims are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute. *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (cleaned up)) *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991) (dismissal of claims for lack of subject matter jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (cleaned up)).

The factual scenario described in the Complaint as the basis for Zarrow's claims, i.e., a private transaction with a private bank that is not subject to liability under § 1983,[3] does not raise a substantial federal question for jurisdictional purposes.  *See*, *e.g.*, *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal for lack of subject matter jursidction

---

[3] *See Johnson v. TD Bank Nat'l Ass'n,* No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022) ("Courts in the Third Circuit have repeatedly held that 'constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.'" (quoting *Swope v. Northumberland Nat'l Bank*, No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014)), aff'd, 2023 WL 2203572 (3d Cir. Feb. 24, 2023).

because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute").

Accordingly, the Court does not have jurisdiction pursuant to § 1331.

**B.      State Law Claims**

Zarrow's Complaint is best construed as raising contract (and possibly tort) claims under state law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Several factors may be relevant in determining an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business," as well as "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (internal quotations omitted). For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).

Zarrow provides a Pennsylvania address for herself, which suggests she may be a Pennsylvania citizen, although she does not specifically allege her citizenship.  (Doc. No. 2 at 2.)  Similarly, she provides a New York address for Citi but does not allege the corporation's state of citizenship.  (*Id*.)  Residency alone is insufficient to allege a corporate defendant's citizenship.  *See S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business." (quoting *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039 (5th Cir. 1982))).  Absent sufficient allegations pertaining to the parties' citizenship, the Court cannot exercise diversity jurisdiction under § 1332.  *See, e.g.*, *Holman v. Carpenter Tech. Corp.*, 484 F. Supp. 406, 407 (E.D. Pa. 1980) (dismissing case where plaintiff failed to allege defendant corporation's citizenship for diversity purposes).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss this case for lack of subject matter jurisdiction.  The dismissal will be without prejudice to Zarrow (1) filing an amended complaint in the event she can allege a basis for subject matter jurisdiction over her state law claims or, alternatively, (2) filing a complaint in the proper state court so she may proceed on her claims in that venue.[4]  An appropriate Order follows, which provides further instructions.

---

[4] The Court expresses no opinion at this time on the merits of Zarrow's state law claims.  The Court notes, however, that if Zarrow returns with an amended complaint in this Court, she must allege sufficient facts to both justify this Court's exercise of jurisdiction and state a plausible claim against each named defendant.  This means Zarrow must allege specific facts explaining what each defendant did or did not do that caused her harm.  *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").